David W. Newman, ISBN 8251
Assistant United States Trustee
Mary P. Kimmel, ISBN 3786
Brett R. Cahoon, ISBN 8607
S. Alex Shay, WVBN 13045
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for Plaintiff Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re: ) | Case No. 13-00264-TLM |
| ) | Chapter 7 |
| THOMAS M. RICKS, ) | |
| ) | |
| Debtor. ) | |
| ) | Adv. No. |
| ACTING UNITED STATES TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THOMAS M. RICKS, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT FOR REVOCATION OF DISCHARGE UNDER 11 U.S.C. § 727(d)

Plaintiff, Gail Brehm Geiger, Acting United States Trustee ("United States Trustee"), for her complaint objecting to the discharge of Thomas M. Ricks ("Defendant"), alleges as follows:

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(a) and 28 U.S.C. § 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O). Venue is proper in this Court. 28 U.S.C. § 1409(a).

2. On February 19, 2013, Defendant Thomas M. Ricks filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Idaho, case number 13-00264-TLM. On September 25, 2015, this Court ordered that Defendant Thomas M. Ricks' bankruptcy petition be converted to chapter 7.

3. Noah Hillen was appointed the Chapter 7 Trustee in the case and continues to serve in that capacity.

4. The deadline for the United States Trustee to file a complaint objecting to Defendant's discharge was January 11, 2016. As of the preparation of this Complaint, no discharge has been entered in this case. The United States Trustee filed a Motion To Extend Time To File a Complaint Objecting To Discharge Under 11 U.S.C. § 727 on September 30, 2016, pursuant to Federal Rule of Bankruptcy Procedure 4004(b)(2). The material facts alleged under 11 U.S.C. § 727(d) below were unknown before the deadline to object to Defendant's discharge because they had not yet occurred. This complaint is timely filed.

5. 11 U.S.C. § 727(d)(3) provides that the Court shall revoke a discharge when the debtor has committed an act specified under 11 U.S.C. § 727(a)(6).

6. As alleged below, Defendant has committed acts specified under 11 U.S.C. § 727(d)(3).

## COUNT ONE
(11 U.S.C. § 727(a)(6)(A) and 11 U.S.C. § 727(d)(3))

7. The United States Trustee incorporates by reference paragraphs 1 - 6 as if alleged in full herein.

8. The United States Trustee is informed and believes and, based thereon, alleges that Defendant committed an act specified in 11 U.S.C. § 727(a)(6)(A) by refusing to obey the Court's order alleged below.

9. On May 11, 2016, this Court entered an order dated May 10, 2016, directing Defendant to surrender the following property to the Chapter 7 Trustee forthwith. (Docket no. 702)

   A. **Firearms**
   1. Benjamin 20 caliber pellet gun;
   2. Beretta 12 gauge shotgun;
   3. Beretta 12 gauge shotgun;
   4. Beretta 12 gauge shotgun;
   5. Browning 20 gauge shotgun;
   6. Ithacca .22 rifle;
   7. Remington 20 gauge shotgun;
   8. Remington 30-60 rifle;
   9. Remington 7mm rifle;
   10. Ruger 243 rifle;
   11. SKG 410 gauge shotgun;
   12. Smith & Wesson 357 pistol;
   13. Winchester 12 gauge shotgun;
   14. Winchester 20 gauge shotgun;

   B. **Vehicles and Boats**
   15. 2000 Polaris RMK 700 Snowmobile;
   16. 2004 Polaris RMK 700 Snowmobile;
   17. 2005 Kawasaki ATV KVF360;
   18. 1997 Kawasaki ATV;

      19. 2006 Jet Boat;

      20. 1992 Duckworth Jet Boat;

      21. 2004 Ford F350;

  C. **Non-Exempt Equity in Life Insurance Policies**

      22. $3,360 in equity in a Farm Bureau Life universal life insurance policy;

      23. $87 in equity in a Lincoln Financial Group universal life insurance policy.

10. The United States Trustee is informed and believes and, based thereon, alleges that Defendant has refused to comply and continues to refuse to comply with the Court's order by refusing to surrender the property alleged above to the Chapter 7 Trustee.

11. Defendant's discharge should be denied or revoked pursuant to 11 U.S.C. § 727(a)(6) and 11 U.S.C § 727(d)(3).

COUNT TWO<br>(11 U.S.C. § 727(a)(6)(A) and 11 U.S.C. § 727(d)(3))

12. The United States Trustee incorporates by reference paragraphs 1 - 11 as if alleged in full herein.

13. On July 13, 2016, this Court entered an order dated July 12, 2016, which compelled Defendant to appear for his examination under Fed. R. Bankr. P. 2004 and to produce to the Chapter 7 Trustee certain documents, set forth below, in Defendant's possession or control on or before August 12, 2016. (Docket no. 749)

  A. All documents relating to the formation, organization and governance of Ricks Ranches, including but not limited to any articles of incorporation, bylaws, stock certificates, corporate resolutions, shareholder agreements, or corporate meeting minutes, and any amendments to such documents.

  B. All documents relating to the assets and liabilities of Ricks Ranches, including

4

but not limited to lists or schedules of assets, depreciation schedules, bank statements, loan or credit agreements, promissory notes, security agreements, lease agreements, vendor agreements and any other agreements of any kind to which Ricks Ranches is a party, obligor or guarantor.

C. All tax returns and tax and accounting documents and records for Ricks Ranches for years 2015 and 2016, including but not limited to any internal ledgers, profit & loss statements, balance sheets, income and expense reports, accounts receivable and accounts payable reports, payroll summaries, and transaction details.

D. All documents relating to the withdrawal of $25,000 in funds from a Ricks Ranches account at Zions Bank during the week of April 17, 2016 to April 23, 2016, and an accounting of those funds.

E. All documents relating to three checks from David and Catherine Unruh dated December 8, 2015, made on U.S. Bank Account No. XXXXXXXX2810, Check Nos. 2881, 2882 and 2884, made out to Tom Ricks, Scott Bennett, and KJ Welding in the respective amounts of $68,291.78, $12,629.40, and $624.76.

14. The United States Trustee is informed and believes and, based thereon, alleges Defendant did appear at the set time for the examination, but refused to comply with the order. Defendant refused to testify and answer questions approved by the Court. Rather than testify, Defendant stated:

Fellas, I am not going to do anything until I get proper Counsel, and so—I don't have an attorney at the moment, and I am going to get one, so this meeting is over. See ya. Turn me in to the Judge.

5

Defendant ultimately testified and answered questions only after the Court held him in contempt and he had been taken into custody by the United States Marshal Service.

15. The United States Trustee is informed and believes and, based thereon, alleges that at all relevant times, Defendant has had responsive documents in his possession or control.

16. The United States Trustee is informed and believes and, based thereon, alleges that Defendant has refused to comply and continues to refuse to comply with the Court's order by refusing to produce the responsive documents to the Chapter 7 Trustee as required by the Court's order.

17. Defendant's discharge should be denied or revoked pursuant to 11 U.S.C. § 727(d)(3) and 11 U.S.C. § 727(a)(6)(A).

## PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully prays for a judgment revoking Defendant's discharge, costs of suit, and for such other relief as the Court deems proper.

Date: September 30, 2016

GAIL BREHM GEIGER
Acting United States Trustee for Region 18

/s/ David W. Newman
DAVID W. NEWMAN
Attorney for Plaintiff
Acting United States Trustee
[Non CM/ECF e-mail
david.w.newman@usdoj.gov]